## THE PEOPLE ex rel. DUNHAM v. BOARD OF SUPERVISORS OF PLACER COUNTY.

THE seventy-fourth section of the General Revenue Act of 1860, as to the election of County Auditor in certain counties, and separating his duties from those of County Clerk, etc., does not repeal the Special Act of 1858, entitled "An Act to separate the offices of County Recorder, County Auditor, Clerk of the Board of Supervisors, Clerk of the Board of Equalization, from the office of County Clerk in the county of Placer ;" and a person elected in the fall of 1860 as County Recorder for Placer county, under the Act of 1858, will hold in preference to a person elected at the same time as County Auditor, under the Revenue Act of 1860.

APPEAL from an order of the District Judge of the Eleventh District, refusing a mandamus to the Board of Supervisors of Placer county.

At the general election for county officers in Placer county, in.

the fall of 1860, relator Dunham received twenty-six votes—all that were cast—as County Auditor; and one Selkirk received one thousand seven hundred and sixty-four votes as County Recorder. There was no proclamation for an election of Auditor. The Board of Supervisors, as canvassers of the election returns, refused to count any votes cast for County Auditor, and of course, to order the Clerk to give a certificate to relator. But they counted the votes for Recorder, and gave Selkirk his certificate. Relator applies to the District Judge for a mandamus to the Board, requiring them to canvass the returns for Auditor, etc., or show cause. The Board answered in substance that the relator was not elected to the office of County Auditor; that by the Act of 1858, the office of County Recorder was created in Placer county, and that such Recorder was made *ex officio* County Auditor; and that accordingly they had, in the exercise of a legal discretion, canvassed the returns of the election of 1860, and given to Selkirk a certificate of election as Recorder and *ex officio* Auditor.

The District Judge denied the writ on the ground that the Board of Supervisors, in canvassing the returns and declaring Selkirk elected County Recorder, had in effect declared him County Auditor under the statute, and that, in doing this, they had exercised a legal discretion. Relator appeals.

*Tuttle & Hillyer,* for Appellant.

It is insisted that no such office as County Auditor existed to be filled at the election of 1860.

The law of 1860 creates the office in express terms, and so far as it is in conflict with the Special Statute of 1858, concerning Placer county, repeals it. (10 Cal. 313.)

The terms of repeal in this Act of 1860, are precisely the same as those in the Act of 1858, respecting former acts. (Statutes of 1858, 21, sec. 10 ; and Statutes of 1860, 401, sec. 102.)

The Legislature excepted all the special acts not intended to be affected by this act. (Sections 100, 101, Rev. Act of 1860.)

*J. Hamilton, District Attorney,* for Respondent.

The whole question turns on the construction of the Acts of 1858 and 1860.

Dunham *v.* Supervisors of Placer County.

The Act of 1858, which is a special act for Placer county, makes the Recorder and County Auditor one and the same person; and the Act of 1860, neither in letter or spirit, or by intendment, repeals the Act of 1858.

The Act of 1860 does not separate the offices of Recorder and Auditor, but unites them; and upon that intendment the elections of 1860 were held. It precludes the Recorder from acting as County Court Clerk, but allows him to act as Auditor; and only imposes certain additional duties, and does not conflict with the Act of 1858. The Act of 1858 being a special act, a general act would not repeal it, unless its terms were deficient, or unless it were repealed by express provision.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This was a contest for the office of County Auditor, to which office the relator claims he is entitled by virtue of an election in 1860. The validity of the claim depends upon the construction and effect of two acts—a special act, passed in 1858 (Statutes 1858, 20) entitled An Act to separate the offices of County Recorder, County Auditor, Clerk of the Board of Supervisors, and Clerk of the Board of Equalization, from the office of County Clerk in the county of Placer. This act provides, among other things, that at the next general election a County Recorder shall be elected who is to be *ex officio* Auditor, who shall enter upon the office on the second day of June, 1859, and hold office until the first Monday in December, 1860, etc.

The Act of 1860 is the General Revenue Act of the State (Statutes 1860, 365). Section seventy-four provides that " there shall be elected in each county, at the next general election for county officers, and every two years thereafter, a County Auditor, who may also be *ex officio* County Recorder; and after such election, no County Auditor shall perform the duties of County Clerk, but the office of Auditor and County Clerk shall be a separate and distinct office; *provided*, that in the counties of Napa, Mendocino, Solano, San Mateo, Yolo, Stanislaus, Trinity, Humboldt, Klamath, Del Norte, Contra Costa, Sutter, Los Angeles,

Tulare, Fresno, Buena Vista, Monterey, Santa Cruz, Marin, Calaveras, Amador, Plumas, Merced, Alameda, Siskiyou and Shasta, the County Clerk shall be *ex officio* Auditor and County Recorder."

At the election of 1860, relator received, as County Auditor, some twenty-six votes—one Selkirk received more than seventeen hundred votes for the office of County Recorder. It is contended that the general Act of 1860 repeals this special Act of 1858. We do not think so. By the Act of 1858, the office of Recorder carried with it the office of Auditor. By the Act of 1860, it would seem that the office of Auditor carries the office of Recorder, though this is not entirely clear. But there was no use or reason for repealing the Act of 1858, or any part of that act; and if it were so designed, the Legislature would probably have indicated its purpose by unequivocal language. By the sixth section of the Act of 1858, the County Recorder is paid $3,000 for his services as Recorder and Auditor; if the design had been to take the office of Auditor from that of Recorder, probably the compensation would have been changed; and if this Act of 1860 unites the office of Auditor and Recorder, and repeals the Act of 1858, no provision seems to be made for the compensation of the Recorder. But it is enough to say that the Act of 1858 seems to have been carefully prepared to suit the wants and wishes of the people of that county; and we think we are not justified in holding that all or any of the provisions of that act were repealed by a general law, which does no more, at most, than accomplish one of the objects already effected by the same provision which is said to be repealed.

Judgment affirmed.